■ SANTE RECCHIA et al., Respondents, v A. G. SHIP MAINTENANCE, Respondent, and OVE SKOU R/A, Appellant.—In a negligence action to recover damages for personal injuries, etc., the defendant Ove Skou R/A appeals from an order of the Supreme Court, Kings County (Jones, J.), dated February 22, 1985, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it and the cross claim of the codefendant A. G. Ship Maintenance against it.

Order reversed, on the law, with costs, motion granted, complaint dismissed insofar as it is asserted against the appellant, cross claim against it dismissed, and the plaintiffs' action insofar as it is asserted against the codefendant A. G. Ship Maintenance severed.

We find no basis to sustain liability against the defendant Ove Skou R/A, the owner of the vessel *Birgitte Skou,* upon which the plaintiff Sante Recchia, a member of a stevedoring gang, tripped and fell, sustaining injuries. The Safety and Health Regulations for Longshoring, promulgated pursuant to the Longshoremen's and Harbor Workers' Compensation Act (33 USC § 901 *et seq.),* do not eliminate the liability of a

negligent shipowner *(Subingsubing v Reardon Smith Line,* 682 F2d 779, 780); however, the primary responsibility for longshoremen's safety lies with their employer, the stevedore *(Lieggi v Maritime Co.,* 667 F2d 324, 327-328). Absent a contractual or statutory duty or industry custom to the contrary, the vessel owner "has no general duty by way of supervision or inspection to exercise reasonable care to discover dangerous conditions that develop within the confines of the cargo operations that are assigned to the stevedore" *(Scindia Steam Nav. Co. v De Los Santos,* 451 US 156, 172). The vessel owner's mere knowledge of a dangerous condition will not serve, without more, as a basis for liability *(Giglio v Farrell Lines,* 613 F2d 429, 432), and such owner will be liable for an open and obvious danger only if the longshoreman is not in a position to fully appreciate the risk or cannot avoid the danger even if aware of it *(see, Wiles v Delta S.S. Lines,* 574 F2d 1338, 1339; *see also, Giglio v Farrel Lines, supra,* pp 432-433). Vessel liability attaches only when " 'the shipowner knows of the dangerous condition and should anticipate that, even if the condition is obvious, the stevedore will not or cannot correct it and the longshoremen will not or cannot avoid it' " *(Lubrano v Companhia de Navegacao Lloyd Brasileiro,* 575 F Supp 1541, 1546, quoting from *Lieggi v Maritime Co., supra,* p 328). In the instant action, there is no question that the cause of the plaintiff Sante Recchia's fall was obvious and avoidable, as he so testified, and not one which the owner of the vessel knew would not be corrected *(cf. Cruz v American Export Lines,* 67 NY2d 1, 14, *cert denied sub nom. Bussanich v United States Lines,* — US —, 90 L Ed 2d 979). Therefore, the motion of the defendant Ove Shou R/A for summary judgment should have been granted. We note that triable issues of fact remain with respect to the plaintiffs' complaint against codefendant A. G. Ship Maintenance, which at the time of the plaintiff Sante Recchia's accident was providing lashing services on the vessel. Thompson, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.