■ VITANTONIO CASCELLA et al., Respondents, v CHILEAN LINES et al., Appellants.—In a negligence action to recover damages for personal injuries, the defendants separately appeal from an order of the Supreme Court, Kings County (Golden, J.), dated June 28, 1990, which denied a motion by the defendant Algmenen Scheepvaartmij Brugge N.V., joined in by Chilean Lines, for summary judgment dismissing the amended verified complaint.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is granted, and the amended verified complaint is dismissed.

According to the allegations in their amended verified complaint and their deposition testimony, the three plaintiffs are longshoremen employed by Universal Maritime Service Corp. (hereinafter Universal). On or about April 6, 1987, the plaintiffs were unloading cargo from inside a hatch of a vessel which was owned by the defendant Algmenen Scheepvaartmij Brugge N.V. (hereinafter Algmenen) and time chartered by the defendant Chilean Lines (hereinafter Chilean). The plaintiffs claimed that during this work, they were injured as a result of inhaling exhaust fumes from a gasoline-powered hi-lo forklift machine which was supplied by Universal and which had been lowered into the hatch to facilitate their stevedoring operations. There is no indication that any member of the ship's crew was present at any relevant point during these operations. The plaintiffs sought recovery for their injuries on the ground that Algmenen and Chilean failed to monitor carbon monoxide levels and failed to provide adequate ventilation in the work area. Algmenen subsequently made a motion for summary judgment, in which Chilean joined. The Supreme Court denied the motion. We reverse.

We find unpersuasive the plaintiffs' claim that the defendants are liable based on their alleged violation of a United States Coast Guard regulation which places the responsibility for conducting air monitoring and providing adequate ventilation upon the ship's crew, and ultimately, upon the vessel owner (see, 46 CFR 97.70-15 [c]). Coast Guard regulations generally apply to seamen, and it has been held that this particular regulation is inapplicable where the persons working in the area are longshoremen (see, Taylor v Moore-McCor-

*mack Lines,* 621 F2d 88). Rather, in situations such as that here, where longshoremen are involved in stevedoring operations aboard a vessel, Occupational Safety and Health Act regulations apply and require that the employer (in this case, the stevedore Universal) monitor air quality and ensure that adequate ventilation is provided in the work area *(see,* 29 CFR 1918.93; *Taylor v Moore-McCormack Lines, supra; Gay v Ocean Transp. & Trading,* 546 F2d 1233).

Similarly unavailing is the plaintiffs' contention that an issue of fact exists with respect to whether the defendants are liable under principles of common-law negligence. It is well settled that as a general rule, "the shipowner has no general duty by way of supervision or inspection to exercise reasonable care to discover dangerous conditions that develop within the confines of the cargo operations that are assigned to the stevedore" *(Scindia Steam Nav. Co. v De Los Santos,* 451 US 156, 172; *Cruz v American Export Lines,* 67 NY2d 1, 10-11, *cert denied sub nom. Bussanich v United States Lines,* 476 US 1170). Moreover, as we previously have noted: "[t]he vessel owner's mere knowledge of a dangerous condition will not serve, without more, as a basis for liability *(Giglio v Farrell Lines,* 613 F2d 429, 432), and such owner will be liable for an open and obvious danger only if the longshoreman is not in a position to fully appreciate the risk or cannot avoid the danger even if aware of it *(see, Wiles v Delta S.S. Lines,* 574 F2d 1338, 1339; *see also, Giglio v Farrell Lines, supra,* pp 432-433). Vessel liability attaches only when ' "the shipowner knows of the dangerous condition and should anticipate that, even if the condition is obvious, the stevedore will not or cannot correct it and the longshoremen will not or cannot avoid it" ' *(Lubrano v Companhia de Navegacao Lloyd Brasileiro,* 575 F Supp 1541, 1546, quoting from *Lieggi v Maritime Co.,* [667 F2d 324,] 328)" *(Recchia v A. G. Ship Maintenance,* 122 AD2d 127, 128).

Applying the foregoing principles to the present case, we find that Algmenen is entitled to summary judgment dismissing the complaint against it, inasmuch as it was not involved in the cargo operations and the alleged inadequate ventilation was an obvious condition which easily could have been remedied by the exercise of reasonable care on the part of Universal *(see, Scindia Steam Nav. Co. v De Los Santos, supra; Gay v Ocean Transp. & Trading, supra; Recchia v A. G. Ship Maintenance, supra).*

Similarly, while the time charter agreement has not been placed in evidence, we nevertheless conclude that Chilean also

is entitled to summary judgment dismissing the complaint against it *(see generally, Hines v British Steel Corp.,* 907 F2d 726). In the absence of any evidence that Chilean participated in the stevedoring operations or was guilty of negligence, the plaintiffs cannot maintain their action against it. Bracken, J. P., Sullivan, Balletta and Lawrence, JJ., concur.