OPINION OF THE COURT
Joseph J. Dowd, J.
In this maritime personal injury case, defendant Universal Maritime Service Company, Inc. (Universal), a stevedoring company, moves for summary judgment, pursuant to CPLR 3212, dismissing plaintiffs’ complaint. Defendant Waterman Steamship Corporation (Waterman), the vessel owner, cross-moves for the same relief.
Universal was responsible for loading the cargo on board Waterman’s vessel. This cargo included heavy machinery that was not crated, but was covered with Cosmoline, a grease-like protective substance. After Universal had completed the loading, plaintiff Dennis Pelligrino, a marine carpenter employed by another company not a party to this action, performed the task of securing the cargo to prevent its shifting or moving around during voyage. During the course of this work, the plaintiff fell off the cargo and sustained injuries, blaming his fall on the Cosmoline coating. This lawsuit ensued.
In support of its motion for summary judgment, Universal argues that industry custom permits shipping of uncrated machinery coated with grease. It further argues that the task of plaintiff in alighting from the machinery was not particularly dangerous and that he could have avoided the risk by using a rope ladder. Universal relies on the testimony of plaintiff’s supervisor, Joseph Andre, for these conclusory assertions. However, Andre is not a disinterested expert in the maritime field qualified to address the aforementioned issues, since *74 he is employed by Portwide Cargo Securing Company, Inc. (Portwide), the same company for which plaintiff worked at the time of the accident. The court thus finds that Universal has failed to establish its entitlement to summary judgment by the authority of disinterested experts.
Moreover, whether Universal, as the party in charge of the cargo operations, acted negligently in failing to cure an obvious condition, permitting the grease-coated machinery on board the barge, failing to advise plaintiff of the Cosmoline coating, and failing to provide room for a safety ladder, or safety equipment, or other devices that could have prevented plaintiff’s injuries, are all issues of fact reserved for trial.
Accordingly, Universal’s motion for summary judgment is denied.
Turning to Waterman’s cross motion, pursuant to the Federal Longshore and Harbor Workers’ Compensation Act (33 USC § 901 et seq.), a longshoreman may recover against the owner of a vessel only if he can demonstrate that his injuries resulted from the owner’s negligence (33 USC § 905 [b];* Lieggi v Maritime Co., 667 F2d 324, 327 [2d Cir]).
Congress, in its 1972 amendments to section 905 (b), did not delineate the duty a shipowner owes to a longshoreman once cargo operations, over which the stevedore generally has primary control, have begun (Lieggi v Maritime Co., supra, 667 F2d, at 327). However, in Howlett v Birkdale Shipping Co. (512 US 92), the United States Supreme Court held that shipowners owe three duties to longshoremen, specifically: (1) a turnover duty — a shipowner must exercise ordinary care to maintain a ship and its equipment in a condition that would allow an expert stevedore to load and unload cargo with reasonable safety (supra, at 98); (2) a reasonable care duty — vessel owners owe to longshoremen a duty of care if the owners are actively involved in the cargo operations (supra); and finally, (3) a duty *75 to intervene — a shipowner has a duty to intervene in cargo operations if it knew of a hazardous condition, knew or should have realized that the situation presented an unreasonable risk of harm, and knew that the stevedore failed to remedy the situation (supra; see, Scindia v Steam Nav. Co. v De Los Santos, 451 US 156, 167-170; Quevedo v Trans-Pacific Shipping, 1997 WL 182293 [ND Cal, Apr. 7, 1997, Smith, J.]).
The court finds that none of the foregoing three duties are sufficiently implicated in this case. Plaintiff’s argument that the vessel owner must have known of the Cosmolinecoated machinery based upon an alleged review of unparticularized stow plans is nothing short of sheer surmise and conjecture. In the absence of evidence that Waterman actively participated in the stevedoring operations or was guilty of negligence, it cannot be held liable for plaintiff’s injuries (see, e.g., Manuel v Cameron Offshore Boats, 103 F3d 31 [5th Cir 1997]; Harris v Pacific-Gulf Mar., 967 F Supp 158 [ED Va 1997]; Quevedo v Trans-Pacific Shipping, supra, 1997 WL 182293 [ND Cal, Apr. 7, 1997, Smith, J.], supra; Cascella v Chilean Lines, 185 AD2d 833; Recchia v A. G. Ship Maintenance, 122 AD2d 127 [2d Dept]).
Accordingly, Waterman’s cross motion for summary judgment is granted, and the complaint is hereby dismissed as against it. The action against Universal is severed.

 33 USC § 905 (b) provides, in pertinent part, as follows: "In the event of injury to a person covered under this Act caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of section 33 of this Act * * * and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void * * * The liability of the vessel under this subsection shall not he based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred. The remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under this Act.”